UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 06-20114-CR-MARTINEZ

UNITED STATES OF AMERICA,

       Plaintiff,

v.

LILLIAN GLAUBMAN,                **REPORT AND RECOMMENDATION**

       Defendant.
_____/

       On or about November 18, 2008, court-appointed defense counsel Ana M. Jhones ("Counsel") submitted a voucher application numbered FLS 07 1762 with appended time sheets requesting $13,934.14 as final payment for attorney's fees and costs pursuant to the Criminal Justice Act (the "CJA"). Counsel also filed a Motion to Exceed the Statutory Cap For Attorney's Fees **[dated November 17, 2008]** in support of her voucher application. Counsel represented Defendant Lillian Glaubman ("Defendant") for approximately fifteen (15) months from her appointment on July 30, 2007 until October 29, 2008.

       Counsel seeks $13,934.14 in her application, an amount which exceeds the $7,800.00 statutory maximum allowed for representation in non-capital felony cases under the CJA. As a result, United States District Court Judge Jose E. Martinez entered an Order of Reference **[DE # 520]** referring the voucher application to the undersigned for a Report and Recommendation as to whether the fees requested by Counsel are appropriate. *See* 28 U.S.C. § 636(a); *see also* United States District Court for the Southern District of Florida Magistrate Judge Rules.

## Criminal Justice Act and Guidelines for Administration of the Criminal Justice Act

The United States Judicial Conference developed the Guidelines for Administration of the Criminal Justice Act (the "Guidelines") to assist courts in the application of the provisions of the CJA. See *In re Burger,* 498 U.S. 233, 234, 111 S.Ct. 628 (1991). In the Guidelines, judges are "urged to compensate counsel at a rate and in an amount sufficient to cover appointed counsel's general office overhead and to ensure adequate compensation for representation provided." See Section §6.02(B) of the Guidelines.

The CJA at 18 U.S.C. §3006A(d)(1) provides that at the conclusion of CJA representation, an appointed attorney shall be compensated for time expended in court and for time "reasonably expended out of court" and shall be reimbursed "for expenses reasonably incurred." The district court, as the body empowered to "fix" CJA appointed counsel compensation, has the statutory authority and discretion to determine what is a reasonable expense or a reasonable use of billable time. 18 U.S.C. §3006A(d)(5); *U.S. v. Griggs,* 240 F.3d 974 (11th Cir. 2001). In order for the recommended fee amount to exceed the statutory maximum, however, the district court *must* first certify that the case involves "extended" or "complex" representation. 18 U.S.C. §3006A(d)(3). Second, the district court must conclude that the amount is necessary to provide Counsel with fair compensation.

A case may be considered "complex" if the legal or factual issues in a case are unusual, thus requiring the expenditure of more time, skill and effort by the lawyer than would normally be required in an average case. See Section §2.22B(3) of the Guidelines. A case may be considered "extended" if more time is reasonably required for total processing than the average case, including pre-trial and post-trial hearings. *Id.*

Again, the applicable CJA maximum allowed for compensation in this non-capital felony case is $7,800.00. Because Counsel's fee request exceeds this maximum allowed compensation amount, I must conclude that this case involved "extended" or "complex" representation and that the amount requested is necessary to provide Counsel with fair compensation. I find that this case was both complex and extended, thus the traditional $7,800.00 cap is inapplicable.

## DISCUSSION

### This Case Was Both Complex and Extended

As I explained above, under the Guidelines, if the amount of compensation sought exceeds the statutory maximum, I must first find that the representation was either complex or extended. This case was complex. The Government alleged that twenty-six defendants, including Defendant, conspired to commit mail and wire fraud against 730 victims resulting in the loss of more than $18 million dollars.

The Second Superseding Indictment contained eleven counts against Defendant. The evidence in this case was voluminous - the Government's production alone included 8 DVD's containing thousands of documents including 24 CD-ROM's. Each CD-ROM contained dozens of transcripts, spread sheets, documents found on numerous computer hard drives and extensive correspondence.

Counsel also engaged an expert neuropsychologist on behalf of Defendant in this case. Counsel spent much time with this expert exploring Defendant's competency and discussing Defendant's psychological condition as a possible basis for mitigation. Further, two of the other defendants were previously tried in a separate case. Counsel was required

to review the trial transcript from that case in order to prepare for the defense of Defendant. Moreover, in a case involving so many codefendants, there was an extensive number of pleadings filed by various codefendants and the Government with which Counsel was required to familiarize herself in order to determine whether any of the pleadings implicated her client.

It is clear from the record that the legal and factual issues in this case were unusual and the representation Counsel provided was made more complex due to the large number of codefendants and the voluminous evidence in this case. As a result, this matter required the expenditure of more time, skill and effort by Counsel than would normally be required in an average case.

I also find that the second factor which would allow the Court to certify compensation in an amount in excess of the statutory maximum - that representation in this case was extended - is also met here. Although Counsel was not Defendant's original lawyer in this matter, this matter still required extended representation by Counsel. The original Indictment in this matter was issued on February 23, 2006. **[See DE # 3]**. Defendant was initially indicted in the Second Superseding Indictment **[DE # 405]** months later on May 17, 2007. Another lawyer represented Defendant until Counsel was appointed replacement counsel on July 26, 2007. **[See DE # 455]**.

On July 8, 2008, Defendant pled guilty to Counts 1 and 5 of the Second Superseding Indictment. **[See DE # 508]**. Defendant was sentenced on October 29, 2008. **[See DE # 516]**. Although Defendant eventually pled guilty in this case, Counsel represented Defendant for more than one year. This case did require more time for processing than the average case, and as a result, this case is properly be considered extended. As I have

concluded that this matter was complex and the representation provided by Counsel was extended, I must review the voucher to determine the appropriate amount for which Counsel should be compensated in excess of the $7,800.00 statutory maximum.

### *Voucher Amount - Administrator's Review*

The Court's CJA administrator first reviewed the voucher for compliance with the Guidelines and mathematical accuracy prior to my review. Counsel listed 3.0 in-court hours at $100/hour. After verifying the in-court time with the Court's minutes, the CJA administrator made no changes to either the total number of hours claimed or the total dollar amount claimed. The CJA administrator did reallocate the categories to which Counsel attributed the in-court hours incurred, however.

The CJA administrator also reviewed the $13,150.00 Counsel billed for 134.2 out-of-court hours as follows: 54.9 hours for "Interviews and conferences"; 28.8 hours for "Obtaining and reviewing records"; 21.1 hours for "Legal research and brief writing", 5.3 hours for "Travel time" and 23.1 hours for "Investigative and other work." The administrator made no changes to this amount.

Counsel listed $415.13 in "Other Expenses." The CJA administrator did not change this amount. Counsel also listed $69.01 in "Travel Expenses". The CJA administrator corrected this total to $69.97. The CJA administrator made this change to reflect Counsel's error with regard to a recent increase in the mileage rate. As adjusted, the corrected total of the voucher application therefore is $13,935.10.

## In-Court Hours[1]

Counsel seeks $ 300.00 for 3.0 in-court hours at a rate of $100.00/hour spent for court appearances on February 14, 2008, April 10, 2008, July 8, 2008 and October 29, 2008. The CJA Administrator made no corrections to either the number of hours or the amount charged per hour. I approve this amount as reasonable.

## Out-of-Court Hours

Counsel seeks $13,150.00 for 134.2 out-of-court hours, 45.0 hours at a rate of $94.00/hour and 89.2 hours at a rate of $100.00/hour. I have reviewed all of the entries listed on the time sheets and the total time claimed for each of the task categories. The CJA Administrator made no changes to the out-of-court hours listed in the voucher application.

Although the vast majority of the out-of-court hours spent by Counsel are appropriate, I conclude that a few of the expenses are not reimbursable. Specifically, Counsel should not be compensated for the August 26, 2008 request for 0.10 hours for "Facsimile to USPO Carolyn Darville" and the October 28, 2008 request for 0.20 hours for "Facsimile to AUSA Jill Furman and USPO Carolyn Darville." The Guidelines make clear that "telephone service, and secretarial expenses associated with CJA representation, whether work is performed by counsel or other personnel, are not reimbursable." The "Supplemental Instructions for Completing CJA20 Vouchers" form (the "Supplemental Instructions") provided by the Court reinforces the Guidelines: "Clerical work (copying, faxing, mailing, etc.) associated with CJA representation, whether work is performed by counsel or other personnel, is not

---

[1] The undersigned defers to the Court Clerk to verify all in-court time and expense allowances.

reimbursable." Accordingly, I recommend that Counsel should not be compensated for these two entries (totaling 0.30 hours).

Further, some of the time Counsel spent in telephone conferences is not sufficiently detailed in either the voucher application or in the Motion to Exceed the Statutory Cap For Attorney's Fees. The Supplemental Instructions makes clear that "[t]elephone conferences in excess of one tenth (0.1) hour require notation of reason for duration, and parties to conversation identified." Although Counsel identified the parties to each conversation[2], Counsel failed to explain the reason for the duration of some telephone conferences in excess of 0.10 hours.

As I have explained above, however, given the extended and complex nature of this case and the fact that Counsel was brought in as replacement counsel after this case had been extensively litigated, I will recommend that Counsel be compensated for some of the telephone conferences in excess of 0.10 hours notwithstanding the lack of detailed explanation.[3]

---

[2] Counsel specifically identified the parties participating in each telephone conference with one exception. On June 5, 2008, Counsel's time entry simply states "[t]elephone conference with co-defendant counsel" without further elaboration. Counsel should only be compensated a total of 0.10 hours for this entry.

[3] I recommend that Counsel be compensated for more than 0.10 hours of her time for the following telephone conferences: 7/31/07 "Initial telephone conference with client" (1.10 hours); 6/9/08 "Telephone conference with Dr. Michelle Quiroga", an expert (1.00 hours); 6/13/08 "Telephone conference with Dr. M. Quiroga" (0.20 hours); 6/17/08 "Telephone conference with Dr. Quiroga" (0.50 hours)." Again, given the complicated nature of this case and the fact that Counsel was brought in after the case commenced, Counsel had to be "brought up to speed" in this case and this required Counsel to have lengthy conversations with her client. Further, because Counsel engaged an expert to assist in the defense in this matter, Counsel should be compensated fully for her

I recommend, however, that counsel only be compensated for 0.10 hours for the telephone conferences on the following dates: two 7/30/07 conferences (with H. Rodriguez and J. Furman), 8/6/07, two 8/10/07 conferences (with J. Furman and R. Barrar), 8/1/307, 8/14/07, 10/16/07, 11/19/07, 1/2/08, 1/4/08, 1/31/08, 4/14/08, 5/1/08, 5/8/08, 5/12/08, 5/13/08, two 5/29/08 conferences (with J. Furman and Defendant), two 5/30/08 conferences (with Defendant and J. Furman), 6/5/08, 6/30/08, 7/3/08 and 8/18/08. I also reduce the 0.30 hours Counsel seeks for a 6/16/08 "[t]elephone conference with AUSA Jill Furman and with Wanda, CRD to Judge Martinez" to 0.20 hours due to Counsel's failure to explain the duration of the call.

The Supplemental Instructions also restrict the amount of compensation Counsel may seek for "[t]ime charges for receipt, review and diarying of pleadings (notices of hearings, depositions, filings, etc.)" The Supplemental Instructions provide that such time "shall not exceed one tenth (0.1) hour."

A number of Counsel's entries for review of pleadings exceed 0.10 hours. Again, given the complex nature of this matter and the fact that Counsel was brought into this matter well after the litigation commenced, Counsel needed to review the earlier pleadings in this action in order to represent Defendant properly and without an extended delay. It is only proper for Counsel to be compensated for this time. I recommend that Counsel be compensated for these entries in the amount requested in the voucher application as the time spent in these

---

telephone conferences with the expert Dr. Guiroga.

entries are appropriate.[4]   Factoring in my recommended deductions, I recommend that Counsel be paid a total of $12,437.20 for her out-of-court time for a reduction of $712.80.

## Expenses

Counsel seeks $69.01 in "Travel Expenses" and $415.13" in "Other Expenses." The CJA Administrator corrected the total amount of "Travel Expenses" to $69.97, making a correction to the mileage rate used by Counsel. I approve both the amount sought for "Travel Expenses" and the amount sought for "Other Expenses" reasonable.

## CONCLUSION

I commend Ms. Jhones for her professionalism and willingness to take this and other appointments over the years; the undersigned is appreciative of her efforts. Notwithstanding this appreciation, as I have often quoted, when appropriate and in the spirit of the CJA: "What is commendable, however, is not necessarily compensable." *U.S. v. Smith*, 76 F.Supp.2d 767, 769 (S.D. Texas 1999). It is with this sentiment in mind that I recommend that some of the expenses incurred by Ms. Jhones be reduced. To be clear, I am not making these recommendations for a lack of appreciation, rather, it is because the courts

---

[4] Accordingly, I recommend that Counsel be compensated in the amount sought in the voucher application: 8/6/07 "Review Government's Notice of Intent to Use 404(b) evidence" (0.50 hours); 8/10/07 "Review of pleadings filed by predecessor counsel and co-defendant" (1.50 hours); 8/20/07 "Review various pleadings including but not limited to D.E. #s 271, 269, 266, 265, 262, 264, 261, 259, 253, 250, 249, 248, 247, 242, 238, 233, 255, 222, 217, 213, 212, 210, 208" (2.60 hours); 8/21/07 "Review various pleadings including but not limited to D.E. #s 286, 291, 299, 311, 312, 334, 388, 343, 345, 346, 353, 355, 324/365" (3.7 hours); 8/28/07 "Review Government's Proposed Speedy Trial Report" (0.30 hours); 9/18/07 "Review Government's speedy trial report submission" (0.20 hours); 11/26/07 "Review of CM-EMF regarding pleadings filed with the district court" (0.30 hours) and 5/13/08 "Review post-conviction motion filed by co-defendant, Alan Glaubman" (1.80 hours).

have the inherent obligation to ensure that claims for taxpayer provided monies are properly spent. Accordingly, I am constricted by the rules established in the Guidelines and in the Supplemental Instructions in awarding Ms. Jhones full compensation for all expenses incurred in this matter.

As I explained above, however, because the representation in this case was both complex and extended, Counsel is entitled to reimbursement in excess of the statutory maximum of $7,800.00. Based upon my review of the time sheets and the Motion to Exceed Statutory Cap on Attorney's Fees submitted by Counsel in support of her voucher application, the docket and filings in this case, I RECOMMEND that Counsel be paid $13,222.30 as fair and final compensation for her work on this case. I also RECOMMEND that Counsel's Motion to Exceed the Statutory Cap For Attorney's Fees should be **GRANTED**.

In accordance with 28 U.S.C. §636(b)(1), the parties shall have ten (10) days from receipt of this Report and Recommendation to serve and file any written objections with the Honorable Jose E. Martinez, United States District Judge.

Signed this 20 day of January, 2009.

**PETER R. PALERMO**
**SR. UNITED STATES MAGISTRATE JUDGE**

Copies furnished to:

Ana M. Jhones, Esq.
Lucy Lara, CJA administrator

-10-